**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Paul Vicente<br><br>                    Plaintiff,<br><br>v.<br><br>City of Prescott, Arizona, et al.<br><br>                    Defendants. | No. CV-11-8204-PCT-DGC<br><br>**ORDER** |

Defendants have filed a motion to join indispensable parties and amend their answer. Doc. 39. The motion has been fully briefed and no party has requested oral argument. Docs. 41, 45. For the reasons stated below, the motion will be granted.

**I.   Background.**

Plaintiff alleges that Defendants illegally retaliated against him for actions he took as the Chapter Vice President of the United Yavapai Firefighters, Prescott Chapter, International Association of Fire Fighters Local 3066. Doc. 1 at 7. In addition to other forms of retaliation, Plaintiff alleges that he was pressured under false pretenses to enter into the Deferred Retirement Option Plan ("DROP"). *Id.* at 11. Plaintiff asks that the Court rescind his forced enrollment in the DROP program.

**II.   Motion to Amend.**

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708,

880 (9th Cir. 2001).  The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment.  *See Foman*, 371 U.S. at 182.

Defendants seek to amend their answer to include the affirmative defenses of waiver, release, and estoppel.  Defendants argue that this does not prejudice Plaintiff or delay the proceedings because discovery has just begun and Defendants have previously raised waiver and release in their February 10, 2012 motion to dismiss.  Defendants additionally argue that the motion to amend is not futile because Plaintiff signed forms waiving his claims and entering into a covenant not to sue.

Plaintiff argues that the amended answer was unduly delayed because the affirmative defenses could have been raised at the time Defendants filed their answer and there has been no showing that Defendants received any new information.  Plaintiff does not explain how this delay has caused him prejudice, and, absent prejudice, "[u]ndue delay . . . is insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).  Further, the motion to amend was filed within the time limits set by the Court.  Doc. 20 at 1.

**III.    Motion to Join Parties.**

Pursuant to Rule 19, Defendants request that the Court join Plaintiff's spouse and the Prescott Fire and Police Boards of the Public Safety Personnel Retirement System ("the Board") as required parties. Rule 19(a) states that a nonparty is necessary if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that disposition of the action in the person's absence may, as a practical matter, impair the person's ability to protect that interest or leave any of the persons already parties subject to a risk of incurring multiple or inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

**A.    Plaintiff's Spouse.**

Defendants argue that Plaintiff's spouse is a necessary party because, in the event

Defendants succeed, costs and possibly attorney's fees will be awarded against Plaintiff's marital community. Plaintiff argues that the Court should wait to join his spouse until it becomes clearer that Defendants will succeed.

Under Arizona law, spouses must be sued jointly to reach community assets. A.R.S. § 25-215; *Eng v. Stein*, 599 P.2d 796, 798 (Ariz. 1979). Plaintiff could ultimately be responsible for costs and attorneys' fees in this case. *See* Fed. R. Civ. P. 54(d); *Tutor-Saliba Corp v. City of* Haley, 452 F.3d 1055, 1061-64 (9th Cir. 2006); A.R.S. §12-341.01; A.R.S. §12-349. Plaintiff's spouse must be joined if an award of costs and fees is to be enforceable against the marital community. This meets the requirements of Rule 19, and the Court sees no point in postponing her joinder.

**B.  Board.**

Defendants argue that the Board is a necessary party under Rule 19 because the Board is responsible for administration of DROP and any injunctive relief concerning DROP must include the Board. Plaintiff does not dispute this factual assertion. Plaintiff instead argues that the Court can enforce an injunction against the Board without it being a party. Plaintiff's argument implicitly accepts that an injunction binding the Board is necessary in this case.

Plaintiff bases his argument on a quotation from *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995), stating that "[t]he nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its order." But this statement merely quotes the district court decision that the Ninth Circuit reversed. *Id.* at 1388. Other Ninth Circuit cases have held that a party is necessary under Rule 19 if that party is a necessary subject of the injunctive relief requested by the plaintiff. *See E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005); *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002).

**IT IS ORDERED** that Defendants' motion (Doc. 39) is **granted**. Defendants shall file their amended answer on or before **November 28, 2012.** Plaintiff's spouse is

- 3 -

joined as a Plaintiff for purposes of any eventual award of fees and costs, and the Board is joined as a Defendant for purposes of injunctive relief only.

Dated this 21st day of November, 2012.

_____
David G. Campbell
United States District Judge