**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Paul Vicente and Shawn Marie Vicente, | No. CV-11-08204-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Prescott, Arizona, *et al.*, | |
| Defendants. | |

Defendant, the Public Safety Personnel Retirement System ("PSPRS"), has filed a motion to dismiss the claim against it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Doc. 76.  Neither Plaintiffs nor other Defendants oppose the motion.  Docs. 79, 80.  For the reasons that follow, the Court will grant the motion.

Plaintiff John Paul Vicente alleges that Defendants illegally retaliated against him for actions he took as the Chapter Vice President of the United Yavapai Firefighters, Prescott Chapter, International Association of Fire Fighters Local 3066.  Doc. 62.  In addition to other forms of retaliation, Plaintiff alleges that he was pressured under false pretenses to enter into the Deferred Retirement Option Plan ("DROP") administered by PSPRS.  *Id.*  Plaintiff asks that the Court order PSPRS to rescind his forced enrollment in the DROP program.  *Id.* at 17.

Pursuant to Rule 19, Defendants requested that the Court join Plaintiff's wife and the Prescott Fire and Police Board of PSPRS as required parties.  Doc. 39.  The Court

1  granted the motion.  Doc. 48.  Instead of joining the Prescott Fire and Police Board of

2  PSPRS, Plaintiffs joined the statewide PSPRS.

3        The Eleventh Amendment provides that "[t]he Judicial power of the United States

4  shall not be construed to extend to any suit in law or equity, commenced or prosecuted

5  against one of the United States by Citizens of another State, or by Citizens or Subjects of

6  any Foreign State."  U.S. Const. Amend. XI.  The Eleventh Amendment bars federal

7  jurisdiction over suits against a non-consenting state.  *See, e.g.*, *Seminole Tribe of Fla. v.*

8  *Florida*, 517 U.S. 44, 62-65 (1996).  The Supreme Court has interpreted the Eleventh

9  Amendment as prohibiting suits against a state by its own citizens.  *Port Auth. Trans-*

10  *Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Pennhurst State School and Hospital*

11  *v. Halderman*, 465 U.S. 89, 100 (1984).  Suing a state agency is the functional equivalent

12  of suing the state itself.  *See Alabama v. Pugh*, 438 U.S. 781 (1978).  The Eleventh

13  Amendment bars suit against a state agency regardless of the type of relief sought.  *See*

14  *Pennhurst*, 465 U.S. at 100; *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508

15  (9th Cir. 1990).

16        PSPRS is an agency of the state of Arizona as established by A.R.S. § 38-841, *et*

17  *seq.*  Thus the Eleventh Amendment bars the suit unless the State of Arizona consents.

18  Because all parties agree that the State has not waived its Eleventh Amendment

19  immunity, the Court must dismiss Plaintiffs' complaint against PSPRS.

20        **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 76) **is granted**.

21        Dated this 27th day of June, 2013.

22

23  _____

24               David G. Campbell
            United States District Judge

25

26

27

28