**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Paul Vicente, a married man,<br><br>      Plaintiff,<br><br>v.<br><br>City of Prescott, et al.,<br><br>      Defendants. | No. CV11-08204-PCT-DGC<br><br>**ORDER** |

Plaintiff has requested leave to amend his complaint for the fourth time. Doc. 184. The motion has been fully briefed. Docs. 196, 203. For the reasons stated below the Court will deny the motion.

**I. Background.**

Plaintiff John Paul Vicente, a former firefighters' union leader, has sued the Prescott Fire Department and the City of Prescott for unlawful retaliation and discrimination for complaining about sexual harassment by a Prescott Fire Department officer. Doc. 1. In his original complaint, Plaintiff named Mary Jacobsen, the City's Human Resources Director, as a defendant, and sued all defendants for defamation per se, among other claims. *Id*., ¶¶ 87-96. In April, 2011 the Court dismissed Plaintiff's claim for defamation per se as to all defendants except Steven Norwood, Prescott's City Manager, and the City of Prescott, because Plaintiff failed to identify any other individuals who had published false statements to a third party. Doc. 11.

On December 13, 2013, during the course of discovery, Plaintiff deposed Mark Diedrick, a Prescott firefighter and former colleague of Plaintiff. Docs. 184 at 5, 196 at

5. During that deposition, Plaintiff claims to have discovered details regarding Defendant Jacobsen's publication of statements defaming Vicente that provide grounds for stating a claim for defamation against Jacobsen. Doc. 184 at 5.

**II.   Analysis.**

Plaintiff seeks to add a claim of defamation per se against Defendant Jacobsen. Doc. 184 at 1. Defendant City of Prescott ("the City") argues that the requested amendment violates the Court's scheduling order and is both futile and unnecessary. Doc. 196 at 7-12.

The Court's most recent Case Management Order contains the following paragraph:

> 2.   <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings.</u>.  The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

(Doc. 11) (emphasis in original). The Case Management Order was dated August 22, 2013. The deadline for filing motions for leave to amend was therefore October 21, 2013. Plaintiffs' motion was filed on January 30, 2014, more than 90 days after the deadline for such motions.

Plaintiff's motion does not mention the fact that it is untimely. Plaintiffs' reply, filed after Defendant noted Plaintiff's failure to comply with the Case Management Order, argues that he has demonstrated good cause to extend the deadline. The Court is confronted with a two-step inquiry when deciding whether a party should be allowed to modify a scheduling order: (1) whether Plaintiff has demonstrated "good cause" to modify the Case Management Order under Rule 16(b) of the Federal Rules of Civil Procedure, and (2) whether Plaintiff's proposed amendment should be granted under the standards of Rule 15 of the Federal Rules of Civil Procedure.

Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreation*, *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting

Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with the finding of diligence and offers no reason for a grant of relief."

Plaintiff alleges that he was diligent in his efforts to establish a factual basis to re-allege defamation per se against Jacobsen, but that defense counsel frustrated his efforts to discover information that would give him a factual basis for the claim. Doc. 203 at 5. Even if that is so, Plaintiff's motion is clear that, at the very latest, he discovered the factual basis for this claim during the deposition of Mark Diedrick on December 13, 2013.[1] Plaintiff did not seek leave to amend his complaint until more than two months later. He failed to act diligently to file the motion upon learning of the factual basis for the additional claim.

More importantly, this case has been pending for more than two years. Plaintiff had more than 19 months to conduct discovery. Doc. 20. Plaintiff has claimed since the complaint was filed that he was defamed. The Court is not persuaded that Plaintiff was unable to conduct targeted discovery that would have allowed him to assert the defamation claim against individuals who allegedly published defamatory statements. Discovery has now closed and motions for summary judgment have been filed. Docs. 204, 206. The Court concludes that Plaintiff has not been sufficiently diligent to satisfy the good cause standard for amending pleadings at this late stage of the litigation.

Plaintiff's proposed amendment also does not meet the standard of Rule 15. Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Nevertheless, a motion for leave to amend should be denied "if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387

---

[1] Defendant claims that Plaintiff has known about the defamation by Jacobsen for more than two years.

(9th Cir. 1990). The party seeking amendment bears the burden of showing that the amendment would not result prejudice, delay or be futile. *Id.*

The City notes that the motion to amend was filed when less than three weeks remained in the already-extended discovery period. The City asserts that this new claim "opens up an entirely new area of inquiry upon which Defendants would be deprived of meaningful discovery." Doc. 196 at 11. Plaintiff responds that the amendment is not a new allegation, it was alleged in Plaintiff's original complaint, and Defense Counsel has already questioned witnesses about the conversation that provided the factual basis for the new claim. Doc. 203 at 9.

Plaintiff's claim of defamation per se in the original complaint was not a claim alleged specifically against Jacobsen, but rather against Defendants as a whole. Doc. 1. Plaintiff's original complaint stated no facts about the allegedly defamatory statements made by Jacobsen in February 2012, nor did it name Jacobsen as one of the defendants who had made defamatory statements. *Id.* The proposed new claim would require proof of different facts than the existing defamation per se claim, which is against two other defendants. This would require additional discovery, which would add time and expense for the other parties. *See, e.g., Jackson*, 902 F.2d at 1387; *Priddy v. Edelman,* 883 F.2d 438, 447 (6th Cir.1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (internal quotations omitted).

Additionally, "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" is relevant to evaluating the delay issue. *Jackson*, 902 F.2d at 1388. Defendants assert that Plaintiff has known the facts underlying this claim since April 2012, yet still failed to seek an amendment to his complaint until well after the Court's deadline. Doc. 196 at 8. And, as the Court has noted, even if Plaintiff did not have sufficient facts to support such a claim at that time, Plaintiff had ample opportunity to develop them through diligent and targeted discovery well before the discovery deadline arrived.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his third amended complaint (Doc. 184) is **DENIED**.

Dated this 3rd day of April, 2014.

*David G. Campbell*
United States District Judge